UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RONALD E. ELLIS, JR.,

    Petitioner,

v.                              Case No: 5:11-cv-318-Oc-29PRL

WARDEN, FCC COLEMAN - MEDIUM,

    Respondent.

_____

**OPINION AND ORDER**

Petitioner Ronald Ellis, Jr. (hereinafter "Petitioner" or "Ellis") initiated this action as a federal prisoner incarcerated at FCC-Coleman by filing a habeas corpus petition pursuant to 28 U.S.C. § 2241 (Doc. #1) and memorandum of law (Doc. #2). The petition challenges Ellis' 1998 plea-based conviction of armed bank robbery in violation of 18 U.S.C. § 2113(d) (count one); and use of "a firearm, that is a short barreled rifle," during the commission of a crime of violence in violation of 18 U.S.C. § 924(c) and 2 (count two) entered in the United States District Court for the Southern District of Florida. Petition at 2; Response at 1. Ellis entered a negotiated plea of guilty on counts one and two and the district court sentenced Ellis to 188 months (15.6 years) imprisonment on count one, followed by a consecutive 120 months (10 years) imprisonment on count two, followed by 5 years supervised release. Response at 2. In pertinent part,

Ellis asserts that he is "actually innocent" of his sentence because: (1) the district court should not have sentenced him to a "consecutive term" for having a "short barrel rifle"; (2) his sentence "enhancement" for the short barrel rifle is illegal because this matter should have been determined by a jury or trial judge; and (3) defense counsel was ineffective.  Petitioner also raised a supplemental ground, (4) defense counsel rendered ineffective assistance pursuant to Lafler v. Cooper, 132 S. Ct. 1376, 1383-84 (2012) because she never tried a case before and was only an "expert plea taker." As relief, Ellis requests that the Court vacate his sentence, remand for a new trial, or immediately release him.  Memorandum at 17.

Respondent filed a response (Doc. #6) moving to dismiss the Petition for lack of jurisdiction and attached supporting exhibits including a copy of the criminal docket sheet (Exh. 1, docket no. 2:98-cr-14033-KMM (S.D. Fla. 1998)), transcript of the plea hearing from the aforementioned criminal case (Exh. 2), copy of the civil docket sheet from Ellis' motion to vacate sentence filed pursuant to 28 U.S.C. § 2255 (Exh. 3, 2:00-cv-14351-JCP (S.D. Fla. 2000)), and a copy of Petitioner's § 2255 motion related thereto (Exh. 4).  Pursuant to the Court's directive, Respondent filed a supplemental response to address Ellis' supplemental claim for relief (Doc. #15).  Petitioner filed a reply (Doc. #8).  This matter is ripe for review.

**Procedural History**

**A.  Conviction and Direct Appeal**

In 1998, a federal grand jury in the Southern District of Florida indicted Ellis on four counts: (Count One) armed bank robbery in violation of 18 U.S.C. §§ 2113(d) and (2); (Count Two) use of "a firearm, that is a short-barreled rifle," during the commission of a crime of violence in violation of 18 U.S.C. §§ 924(c) and 2; (Count 3) possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and, (Count 4) possession of an unregistered firearm, in violation of 28 U.S.C. §§ 5861(d) and 5871.  Exh. 1 at Doc. #6.  Pursuant to Ellis' negotiated plea agreement with the United States, Ellis plead guilty to counts one and two.  Id.  During the plea hearing, Ellis admitted that the firearm he used was a short barreled rifle, and Ellis acknowledged that he faced a minimum sentence of ten year imprisonment on count two, to be served consecutively to any other term of imprisonment.  Exh. 2 at 6-8, 13, 27.  Specifically, during the plea hearing the following exchange occurred:

> The Court:  The first count of the indictment charges you in this way: It says that on or about June 5, 1998 at Hobe Sound in Martin County that you, along with Michael John Armstrong, did knowingly and willfully, by force, violence and intimidation, take form the person and presence of an employee of SunTrust Bank approximately $9,409 in U.S. currency, which money belonged to and was in the care, custody and control of that bank. . . . .

And that in doing this, in committing this offense, you put in jeopardy the life of another person by the use of a dangerous weapon, that is a short-barreled rifle, in violation of 18 U.S. Code, Section 2.  That Section 2 charges you with aiding and abetting another person in the commission of a felony.

Do you understand the charges that are made against you in Count 1?

THE DEFENDANT: Yes, sir, I do.

THE COURT:  And then you said in your plea agreement that you are offering a guilty plea to Count 2, and that count accuses you in this way:  It says that on or about June 5, 1998 at Hobe Sound, same date as used in Count 1, that you, along with Michael John Armstrong, did knowingly use a firearm, a short-barreled rifle, in relation to a crime of violence, which is a felony prosecutable in a Court of the United States, in violation of Section 2113(d), as set forth in Count 1.

And this is all in violation of 18 U.S.C. Code Section 924(c) and Section 2, aiding and abetting section.

Now, counsel for the government, explain to me why these counts really differ from one another.  I don't quite understand that.

MS. ACOSTA:  Well, Your Honor, in Count 1 he is charged for an armed bank robbery and in Count 2 it's a violation for him to carry a short-barreled rifle during the commission of a bank robbery.

THE COURT:  The only difference is the number of the statue under which he's charged, the facts are the same, right?

MS. ACOSTA:  Well, the facts support each of those charges separately, Your Honor.

THE COURT: All right.  Do you understand that, Mr. Ellis?

>   THE DEFENDANT: As far as I can, yes, sir, I do.
>
>   THE COURT: Well is there anything you don't understand about it? I haven't asked her for a detailed explanation. If you have some –
>
>   THE DEFENDANT: No, I understand.
>
>   THE COURT: -- fogginess about it, you can talk with your lawyer—
>
>   THE DEFENDANT: No, I understand.
>
>   THE COURT:-- and have her explain to you. And you can do that in private.
>
>   THE DEFENDANT: No, sir, I understand.
>
>   THE COURT: Do you want to do that, sir?
>
>   THE DEFENDANT: No, sir. . . . .

Exh. 2 at 6-9. The district court sentenced Ellis to 188 months imprisonment on count one and a consecutive 120 months imprisonment on count two, followed by 5 years supervised release. Exh. 1 at Doc. #6.

Ellis pursued a direct appeal, but defense counsel filed an Anders[1] brief. United States v. Ellis, No. 98-5920, 1999 WL 33641817 (appellant's brief). After allowing Ellis to file a *pro se* brief, the United States Court of Appeals for the Eleventh Circuit affirmed Ellis' conviction and sentence. Exh. 1 at Doc. #90.

---

[1] Anders v. California, 386 U.S. 738 (1967).

**B. Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255**

Ellis filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 raising the following claims: (1) ineffective assistance of defense counsel for failing to fully investigate Ellis' criminal history; (2) improper application of § 924(c) resulted in "double counting"; (3) his 1984 conviction should not have counted twice in determining career offender status; and (4) the plea was involuntarily and unknowingly entered.  Exh. 4.

The district court construed each ground to raise an ineffective assistance of counsel claim related thereto and denied Ellis' § 2255 motion.  Exh. 3 at Doc. #6.  Ellis filed an application for a certificate of appealability, which the district court and the Eleventh Circuit denied.  Exh. 3 at Doc. #6.

**C.  Current § 2241 Petition**

On May 20, 2011, Petitioner initiated the instant action by filing a § 2241 Petition.  Ellis asserts that he is "actually innocent" of his sentence because: (1) the district court should not have sentenced him to a "consecutive term" for the "short barrel rifle"; (2) his sentence "enhancement" for the short barrel rifle is illegal because this matter should have been determined by a jury or trial judge; and (3) defense counsel was ineffective. Petitioner also raised a supplemental ground, (4) defense counsel rendered ineffective assistance pursuant to Lafler v. Cooper, 132 S. Ct. 1376, 1383–84 (2012) because she never tried a case before

and was only an "expert plea taker."  See Petition, Memorandum, and Supplement.

In Response, Respondent asserts that the instant Petition must be dismissed for lack of jurisdiction.  See Response. Respondent argues that to the extent Petitioner intends to raise a claim under O'Brien, O'Brien did not construe the version of § 924(c) under which Ellis was charged.  Response at 5.  Respondent points out that the Supreme Court, Castillo v. United States, 530 U.S. 120, 131 (2000), decided in June 2000, already had held that the type of firearm was an element of the offense under the version of the statute applicable to Ellis.  Because the holding of Castillo was available at the time Ellis filed his § 2255 motion, Respondent argues that Ellis' claim is not based on a retroactively applicable Supreme Court decision, which was not available at the time he filed his first motion.

Moreover, Respondent argues that neither the holding of O'Brien nor Castillo establish that Ellis was convicted of a non-existent offense.  Instead, these holdings establish only that the type of firearm used during the commission of a crime of violence is an element of an aggravated offense that must be pled in an indictment and proven to a jury or admitted in a guilty plea.  In this case, Ellis' indictment clearly alleged that Ellis had used "a firearm, that is a short barreled rifle" during the commission of a crime of violence in violation of 18 U.S.C. § 924(c).  Id.

at 6 (citing Doc. #2 at A-1). And, during the change of plea hearing, Ellis admitted that the firearm he had used was a short-barreled rifle. Finally, Respondent points out that the Supreme Court has rejected Ellis' statutory construction argument in Abbott v. United States, 131 S. Ct. 18, 23 (2010) finding a defendant remains "subject to a mandatory, consecutive sentence for a section 924(c) conviction, and is not spared from that sentence by virtue of receiving a higher minimum mandatory on a different count of the conviction." See id. (noting under the "except" clause, offender is subject to the highest sentence specified for his condition in § 924(c)).

**Analysis**

"Typically collateral attacks on the validity of a federal sentence must be brought under § 2255." Darby v. Hawk-Sawyer, 405 F.3d 942, 944-45 (11th Cir. 2005)(*per curiam*). When a petitioner has previously filed a § 2255 petition, he must apply for and receive permission from the appropriate federal circuit court prior to filing a successive petition. Id. (citing In re Blackshire, 98 F.3d 1293, 1293 (11th Cir. 1996)); see also 28 U.S.C. § 2244(b)(3)(A). Additionally, § 2255 motions must be brought in district court of conviction and are subject to a one-year statute of limitations. Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003); 28 U.S.C. § 2255(f). Under limited

circumstances, a federal prisoner may file a habeas petition pursuant to § 2241. Title 28 U.S.C. § 2255(e) provides that:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the application has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

Id. (emphasis added to indicate the savings clause). The last clause of § 2255(e) is the "savings clause." The applicability of the savings clause is a threshold jurisdictional matter, and where it is absent, federal courts lack authority to consider the merits of a petitioner's § 2241 claims. Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1343 (11th Cir. 2013) (citing Wofford v. Scott, 177 F.3d 1236, 1245 (11th Cir. 1999)); see also Bryant v. Warden, FCC Coleman-Medium, 738 F.2d 1253, 1256 (11th Cir. 2013)(recognizing five requirements a petitioner must meet to satisfy the Savings Clause). Id. at 1339-40 ("[I]n enacting § 2255(e), Congress clearly restricted the subject-matter jurisdiction of the federal courts.").

Petitioner filed a § 2255 motion and was denied relief. See Case No. 2:00-cv-14351-JCP (S.D. Fla.). Thus, Petitioner's only available avenue for collateral relief in a § 2241 petition is through the savings clause. The savings clause of § 2255 permits

a federal petitioner to file a § 2241 petition if the petitioner can establish that § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

Where, as here, a petitioner challenges a "fundamental defect in sentencing," he must show the following to establish that § 2255 was inadequate or ineffective to testify the legality of his detention: (1) throughout his sentencing, direct appeal, and first § 2255 proceeding, his claim was squarely foreclosed by circuit precedent; (2) subsequent to his first § 2255 proceeding, a United States Supreme Court decision overturned circuit precedent; (3) the new rule announced by the Supreme Court is retroactively applicable to cases on collateral review; (4) his enhanced sentence exceeds the authorized statutory maximum penalty for his offense. Bryant v. Warden, FCC-Coleman, 738 F.3d 1253, 1274 (11th Cir. 2013)(synthesizing the saving's clause tests discussed in Wofford v. Scott, 177 F.3d 1236 (11th Cir. 1999); and Williams v. Warden, Federal Bureau of Prisons, 713 F.2d 1332, 1343 (11th Cir. 2013)). This threshold showing is a jurisdictional requirement, and where it is absent, federal courts lack authority to consider the merits of a petitioner's § 2241 claims. Williams, 713 F.3d at 1338; Daniels v. Warden, FCC-Coleman, 538 F. App'x 850 (11th Cir. 2013)("[A] petitioner may not argue the merits of his claim until he has 'open[ed] the portal' to a § 2241 proceeding by demonstrating that the savings clause applies to his claim.")

Petitioner cannot satisfy the Wofford requirements, as discussed in Williams and Bryant, to open a portal for a § 2241 review. Significantly, Petitioner was not foreclosed from raising any of his arguments on direct appeal or in his first § 2255 motion. Petitioner did in fact raise ineffective assistance of counsel claims in his § 2255 motion. See Exh. 4; see also Exh. 3 at Doc. #13. Additionally, Petitioner raised a claim concerning the alleged "double counting" of the consecutive ten year mandatory sentence for use of a short barreled rifle, which is essentially the same challenge Petitioner raises *sub judice*. Petitioner's concern over being sentenced for armed robbery and also sentenced for using a short barreled riffle during the commission of the violent felony was explained in Missouri v. Hunter, 459 U.S. 359 (1983). In Hunter, the United States Supreme Court reviewed whether convictions under § 924(c) violated the Double Jeopardy Clause. The Supreme Court held that § 924(c) convictions did not violate Double Jeopardy because Congress' intent to impose multiple or cumulative punishments for the same offense was clear in the language of § 924(c). Further, as Respondent points out, to the extent Petitioner raises a statutory construction argument, the United States Supreme Court has rejected the argument in Abbott v. United States, 131 S. Ct. 18, 23 (2010). Regarding Petitioner's ineffective assistance of counsel claims, Petitioner's reliance on Lafler does not open the portal to the

savings clause because Lafler is not a new, retroactively applicable Supreme Court decision, but a decision based on Strickland, which was available at the time of Ellis' plea entry, appeal, and § 2255 motion.

In sum, Petitioner cannot satisfy the Wofford test, so the savings clause of § 2255(e) does not apply. Petitioner's collateral attack on his federal conviction must be treated as a § 2255 petition. However, Petitioner already filed a § 2255 motion and was denied relief. Thus, the instant action must be dismissed because the Court lacks jurisdiction.

ACCORDINGLY, it is hereby

**ORDERED:**

1. The Petition is **DISMISSED** for lack of jurisdiction.

2. Petitioner's motion for writ of mandamus (Doc. #21) is **DENIED** as moot.

3. The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

**DONE** and **ORDERED** in Ft. Myers, Florida on this ___31st___ day of July, 2014.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

SA: alr
Copies: All Parties of Record